```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                              )
UNITED STATES OF AMERICA      )
                              )
            v.                )   CRIMINAL NO. 09-cr-10005-PBS
                              )
                              )
EARL HART,                    )
                              )
            Defendant.        )
_____)
```

**MEMORANDUM AND ORDER**

February 11, 2010

Saris, U.S.D.J.

## I.   INTRODUCTION

Defendant Earl Hart ("Hart") moved pursuant to Fed. R. Crim. P. 14(a) for relief from prejudicial joinder of offenses and defendants.  Specifically, defendant moves for (1) severance of Count 3 of the indictment, which charges him with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g); and (2) severance from his co-defendants.  After review of the filings, the Court **DENIES** the Motion.

## II.   BACKGROUND

Hart, together with co-defendants Hector O'Brien, James Lee, and Ronald Cairnie, was charged in a multi-count indictment arising from a sting operation on September 19, 2008, in which the defendants attempted to purchase oxycodone pills from an undercover police officer at the Carriage House Motel in Peabody, Massachusetts, where Hart had rented a room.  According to the

government, Hart demanded the pills at gunpoint.  Following the arrest of Hart and his co-defendants, police recovered a .38 caliber handgun, and found 193 oxycodone pills in defendant Cairnie's car, parked at the motel.

All four defendants are charged with conspiracy to possess with intent to distribute oxycodone and attempt to possess with intent to distribute oxycodone in violation of 21 U.S.C. § 846. Hart is charged individually with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g) and brandishing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c).

### III.  DISCUSSION

**A.   Motion to Sever the Felon in Possession Charge**

Hart seeks to sever the felon in possession charge on the ground that joinder would require admission of one of his prior felony convictions into evidence, unfairly prejudicing the jury's consideration of his guilt on the remaining charges.

Fed. R. Crim. P. 14(a) provides, "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  In assessing a motion to sever, the court "has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate

trials." United States v. Buchanan, 930 F. Supp. 657, 667 (D. Mass. 1996) (citing United States v. Perkins, 926 F.2d 1271, 1280 (1st Cir. 1991)).  To prevail under Fed. R. Crim. P. 14, a defendant must show that the joinder of offenses would result in "actual prejudice" defined as "substantial and injurious effect or influence in determining the jury's verdict." United States v. Melendez, 301 F.3d 27, 36 (1st Cir. 2002) (citations omitted). To overcome the presumption in favor of joinder, a defendant must demonstrate "prejudice so pervasive that it would be likely to effect a miscarriage of justice." United States v. DeLeon, 187 F.3d 60, 63 (1st Cir. 1999).

"Courts have held that joinder of an ex-felon count with other charges requires either severance, bifurcation, or some other effective ameliorative procedure." United States v. Jones, 16 F.3d 487, 492 (2d Cir. 1994) (citing cases).  However, severance is not required.  Indeed, the Seventh Circuit has held, "drug trafficking and firearm counts are presumptively properly joined because '[p]ossession of firearms and drug trafficking are closely related.'" United States v. Stokes, 211 F.3d 1039, 1042-43 (7th Cir. 2000) (quoting United States v. Pigee, 197 F.3d 879, 891 (7th Cir. 1999)).  In Stokes, the court found no prejudice in joinder of felon in possession count with drug trafficking charges because the parties agreed upon a "sanitized" stipulation which omitted the word "felon" and the court issued clear limiting instruction.  Id. at 1043.  In this case, those

safeguards will mitigate any unfair prejudice from joinder.

**B.   Motion to Sever Co-defendants**

Hart moves to sever his co-defendants, pointing to post-arrest statements made by them that are inculpatory as to him. Defendant argues that the admission of those statements in a joint trial in which his co-defendants do not testify will violate his confrontation rights. Bruton v. United States, 391 U.S. 123, 126 (1968). The government acknowledges a potential Bruton problem, and states that it will not offer any out-of-court statements into evidence in which a non-testifying co-defendant incriminates Hart or any other co-defendant. See United States v. Cruz-Diaz, 550 F.3d 169, 178-80 (1st Cir. 2008) (holding that no Bruton problem existed where the government did not use a co-defendant's statement in its case-in-chief but did reserve the right to use it for non-hearsay purposes on rebuttal). Since the government has indicated that it will not introduce any inculpatory statements made by non-testifying co-defendants, there is no Bruton problem.

## ORDER

Defendant's Motion to Sever [Docket No. 58] is **DENIED**.

/s/ Patti B. Saris
_____
PATTI B. SARIS
United States District Judge