UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
UNITED STATES OF AMERICA    )
                            )
        v.                  ) CRIMINAL NO. 09-10005-PBS
                            )
EARL HART                   )
                            )

**MEMORANDUM**

March 21, 2011

Saris, U.S.D.J.

Stand-by counsel has filed a motion for appropriate relief regarding the clothes he purchased for defendant, which the government has opposed. A criminal defendant has a constitutional right not to be forced to appear before a jury in prison garb. See Estelle v. Williams, 425 U.S. 501, 504-505 (1976); U.S. v. Rodriguez-Duran, 507 F.3d 749, 777 (1st Cir. 2007) ("A due process violation occurs not from an accused's appearance in prison clothes but from the compulsion that he so appear.").

Mr. Hart is indigent, was proceeding pro se, was incarcerated, could not afford to purchase suitable clothing for trial, and was facing life imprisonment (which he ultimately received). In light of these facts, and the caselaw, this Court ordered stand-by counsel Attorney Krasnoo on two occasions to purchase clothes for Earl Hart to wear during his jury trial.

1

The first occasion was at a pre-trial hearing on May 28, 2010:

> THE COURT: All right, the final thing is, does he
> have clothes? Do you have clothes to wear at a trial?
> THE DEFENDANT: No.
> MR. KRASNOO: They took them off, everything, he
> said.
> THE COURT: No, but he needs trial clothes.
> MR. KRASNOO: Right.
> THE COURT: So who can -- does he have family that
> can provide clothes?
> MR. KRASNOO: He says "no," your Honor.
> THE COURT: All right, so we need to buy clothes.
> I don't want to be there on the day of trial and have
> thatissue, so standby counsel will have to buy clothes.
> MR. KRASNOO: Okay. I'm sure that --
> THE COURT: Not Louis next door but --
> MR. HAFER: Hopefully not in the place that
> Mr. Krasnoo shops.
> MR. KRASNOO: I may need to find out sizes, your
> Honor. I'm not familiar with large sizes.
> THE COURT: Where would your clothes be? I don't
> even know, where does he live? Does he have roommates?
> Are there clothes he can get? Well, could you find out
> all this stuff so we're not stuck on the day of trial
> and worrying about -- I've had this happen with
> someone, like, jogging up to what used to be Filene's
> Basement. I think it was you.

Transcript of Final Pretrial Conference (Excerpt), May 28, 2010, at 3-4. Government counsel was clearly present at the time of this order, and even commented thereupon.

At a later hearing on October 4, 2010, this Court again ordered Mr. Krasnoo to acquire clothing for Mr. Hart:

> THE COURT: Excuse me, let me finish -- to have you not
> be standby counsel. I understand he needs to have some
> clothes, for example. How are you going to get clothes?
> Do you have family members, Mr. Hart?
> THE DEFENDANT: (Nodded negatively.)
> THE COURT: No. Do you want to wear nice clothes,
> or do you want to look like that?
> THE DEFENDANT: I don't have anybody to bring me any
> clothes.

2

> THE COURT: Right, right, so I need you to -- I will allow some reasonable amount of money, which obviously we're not walking next door here, but, you know, like if --
>
> MR. KRASNOO: I also don't even know what that is, your Honor. First, he's obviously a different size than I am.
>
> THE COURT: What size are you?
>
> MR. KRASNOO: I've got his measurements except for a jacket measurement, your Honor. I have no idea what size, but I will ask a salesperson, but, you know --
>
> THE COURT: What should we get, a jacket or a sweater or --
>
> MR. KRASNOO: Well, I think, your Honor, he needs at least two shirts to be able to alternate. He needs two sets of underwear to be able to alternate. He needs dark socks.
>
> THE COURT: I tell you what. I don't want to get into -- you do what you need to do and ask me for the expenses. He needs to not be dressed in prison garb. I think that needs to happen. And he's a bigger guy. I actually have some stuff I keep upstairs for my husband, you know, but it wouldn't fit, and just I think you need to go buy. Do you have stuff in the Marshals Service for clothes? Don't you have like a little cache down there of --
>
> THE MARSHAL: We have a closet, but I don't think there's anything that would fit Mr. Hart. I can have them look through.
>
> THE COURT: Because it would be nice to have a change of clothes. This may go over a week. But at the very least, we need -- so see if there's like some fallback, like a big sweater or something like that, but at the very least, I will authorize what it takes, you know, obviously to -
>
> MR. KRASNOO: And I'm not going to Louis. I called there earlier today. But at the same time, because of his size, I don't know that it will be readily available, for example, at a Marshall's or an outlet, and so I'm going to have to look. And I have no experience with that size, so I don't know whether those stores have the stuff I need available.
>
> THE COURT: But thank you very much. That's step one.

Transcript of Final Pretrial Conference (Excerpt), Oct. 4, 2010, at 2-4. Despite the protest now, the prosecution did not object before or during the trial, perhaps because of the likelihood

3

that the verdict would be reversed on appeal if Mr. Hart was forced to appear before the jury in an orange jumpsuit.

I have been informed that Attorney Krasnoo purchased a suit, two shirts, a tie, a belt, shoes and underwear. The Court does not have a record to assess whether $536.00 is reasonable, but notes that Mr. Hart is a very big man and likely did not wear regular suit sizes. On the other hand, it is true that defendant is not entitled to top-of-the line clothes. Stand-by, Court-appointed counsel shall produce the bills or an affidavit explaining his purchases. If the prosecution contends that counsel spent an unreasonable sum for the apparel, it shall provide evidence to the Court within fourteen days after receiving defense's submission. Ideally, counsel will confer beforehand to avoid unnecessary briefing and expenses. The purchased clothing has been made available for use by probationers looking for future employment.

/s/ PATTI B. SARIS
PATTI B. SARIS
United States District Judge

4